IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BOBI SUGG,<br><br>        Plaintiffs,<br><br>vs.<br><br>SHERIFF TOM BOYER, ZEBEDIAH SHAWVER, VALLEY COUNTY SHERIFF'S OFFICE, VALLEY COUNTY DETENTION CENTER, VALLEY COUNTY, and JOHN DOES 1-10,<br><br>        Defendants. | CV 24-70-GF-KLD<br><br><br>ORDER |

This matter comes before the Court on a motion by Defendants Sheriff Tom Boyer, corrections officer Zebediah Shawver, the Valley County Sheriff's Office, the Valley County Detention Center, and Valley County (collectively "Defendants") to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10). For the reasons discussed below, Defendants' motion is granted as to the Valley County Sheriff's Office, Valley County Detention Center, Sheriff Boyer, and Officer Shawver, and converted to a motion for summary judgment on Plaintiff Bobi Sugg's claims against Valley County pursuant to Fed. R. Civ. P. 12(d).

## I.    <u>Background</u>

On March 29, 2023, Sugg, then a physical therapist at Frances Mahon Deaconess Hospital in Glasgow, Montana, was scheduled to provide medical treatment to Valley County Detention Center inmate Jonathan Hamilton. (Doc. 1 at ¶¶ 14-16). Officer Shawver, a corrections officer at the Valley County Detention Center, transported Hamilton to the hospital and remained in the examination room for the appointment. (Doc. 1 at ¶¶ 5, 33, 38). During the appointment, Hamilton took Sugg hostage using a prison-made metal shank, forced her into a nearby vehicle, and directed her to start driving. (Doc. 1 at ¶¶ 36, 42-68). Sugg escaped from the car, and the incident ended when Hamilton was shot and killed by a Valley County Sheriff's Officer who responded to the scene. (Doc. 1 at ¶¶ 71-78).

On April 11, 2023, an agent from the Montana Department of Justice—Division of Criminal Investigation ("DCI") interviewed Sugg about the incident. (Doc. 1 at ¶ 89). When Sugg requested a copy of her interview and the DCI report a few weeks later, the Valley County Attorney advised her that she would need to obtain a court order to receive the requested information. (Doc. 1 at ¶¶ 91-93).

On August 8, 2023, Sugg's attorney sent a letter to Valley County Sheriff Tom Boyer in an effort to resolve Sugg's "substantial and ongoing injuries and damages" resulting from the incident. (Doc. 11-1 at 1). The letter recounted the facts of the incident, described Sugg's injuries and medical treatment, estimated

her damages, and offered to "resolve all of her claims against the Sheriff's Office (and Officer Shawver)" for a sum certain. (Doc. 11-1).

On September 21, 2023, Sugg filed a Petition for the Release of Confidential Criminal Justice Information in the Valley County District Court requesting information about the incident from the DCI, the Valley County Attorney's Office, the Valley County Sheriff's Office, the Valley County Detention Center, and the Phillips County Sheriff's Office. (Doc. 1 at ¶ 94).

On October 10, 2023, the Valley County Attorney sent a letter to Sugg's attorney explaining that his office had provided notice of Sugg's claim to the clerk or secretary of Valley County pursuant to Mont. Code Ann. § 2-9-301. (Doc. 11-2). The County Attorney's letter stated that "[t]he claim was discussed in regular session of the Valley County Commissioners on September 13, 2023, after which the Commission elected to decline the claim." (Doc. 11-2).

On December 1, 2023, the Valley County District Court granted Sugg's Petition for the Release of Confidential Criminal Justice Information and ordered the entities identified in the petition to release specifically identified documents and information. (Doc. 1 at ¶ 95). The DCI and Phillips County Sheriff's Office promptly provided the requested information, but Sugg ultimately had to file a motion to enforce the court's order against the Valley County Attorney's Office, the Valley County Sheriff's Office, and the Valley County Detention Center. (Doc.

1 at ¶¶ 97-102). The Valley County Attorney acknowledged it was not in compliance with the court's order, and on March 11, 2024, it produced more than 400 pages of new documents and a recorded interview between Sheriff Boyer and Officer Shawver that had not been previously produced. (Doc.1 at ¶¶ 104-05).

Sugg filed this lawsuit approximately five months later—on August 16, 2024. (Doc. 1). She alleges claims against all Defendants for negligence under Montana law and constitutional violations under 42 U.S.C. § 1983 and seeks compensatory and punitive damages. (Doc. 1 at ¶¶ 111-122). Defendants move to dismiss the Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6).

## II.    <u>Legal Standard</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A plaintiff must state a claim for relief that is "plausible on its face" to survive a motion to dismiss. *Zixiang Li*, 710 F.3d at 999 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to

4

the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citation omitted).

To withstand a motion to dismiss under Rule 12(b)(6), "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The facts alleged must be sufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). The *Twombly/Iqbal* plausibility standard is not "akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully..." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## III.    <u>Discussion</u>

Defendants move to dismiss for failure to state a claim for relief on the grounds that: (1) Sugg's claims against Valley County are barred by Montana's six-month statute of limitations for claims against a county; (2) Sheriff Boyer and Officer Shawver are immune from liability on Sugg's state law negligence claim; and (3) the Valley County Sheriff's Office and Valley County Detention Center are

not proper defendants because they do not have the capacity to be sued.

A.    **Statute of Limitations: Valley County**

The Defendants argue that Sugg's negligence and § 1983 claims against Valley County are barred by the applicable statute of limitations. For state law claims like negligence, the law of the forum state governs the length of the limitations period, accrual, and tolling. *See e.g. Weinberg v. Valeant Pharmaceuticals International*, 2017 WL 6543822, at *9 (C.D. Cal. Aug. 10, 2017). For claims under § 1983, federal courts apply the forum state's statute of limitations for personal injury actions and state law regarding tolling but look to federal law to determine when the claim accrues. *See Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (the forum state's statute of limitations for personal injury actions governs the length of the limitations period for § 1983 claims and federal law governs accrual); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (§ 1983 claims are governed by the forum state's statute of limitations for personal injury claims, including state law regarding tolling).

In Montana, "[t]he statute of limitations for claims of negligence, wrongful death, survivorship, and negligent infliction of emotional distress is three years." *Estate of Woody v. Big Horn County*, 376 P.3d 127, 128 (Mont. 2016) (citing Mont. Code Ann. § 27-2-204). Thus, the generally applicable statute of limitations for Sugg's negligence claim and her claim under § 1983 is three years. *See Estate*

*of Woody, 3*76 P.3d at 128 (the statute of limitations for claims of negligence in Montana is three years); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (the statute of limitations for § 1983 claims in Montana is three years).

Under Montana law, all civil actions must be commenced within the generally prescribed limitations period "except when another statute specifically provides a different limitation." Mont. Code Ann. § 27-2-105. Claims against the state or a political subdivision, including a county, are "subject to the limitation of actions provided by law." Mont. Code Ann. § 2-9-302. All claims against a political subdivision like Valley County must "be presented to and filed with the clerk or secretary of the political subdivision." Mont. Code Ann. § 2-9-301(3). "Actions for claims against a county that have been rejected by the county commissioners must be commenced within 6 months after the first rejection." Mont. Code Ann. § 27-2-209(3).

"[W]hen a plaintiff timely files a claim against a county, the period of limitations is tolled and the six month limitation period for filing in district court does not begin to run until the claimant receives notice of the county's denial of the claim." *Estate of Woody*, 376 P.3d at 131. Section 27-2-209(3)'s six-month limitation period can have the effect "of either shortening or lengthening the applicable period of limitation for [a] claim, depending on the timing of the filing of the notice of claim with the county, and the county's response thereto." *Turner*

*v. City of Dillon*, 461 P.3d 122, 125-26 (Mont. 2020) (citing *Estate of Woody*, 376 P.3d at 131).

In the *Estate of Ostby* decision out of this district, for example, the court held that although the plaintiff estate had filed its complaint against Yellowstone County within the three-year period of limitations for negligence and § 1983 claims, the plaintiff's claims were barred by § 27-2-209(3). *Estate of Ostby v. Yesllowstone County*, 2020 WL 4732054, at *3 (D. Mont. Aug. 14, 2020). In that case, the estate of an inmate who was found dead in his cell at the Yellowstone County Detention Center on July 1, 2015, sent a demand letter to Yellowstone County on October 27, 2016. The demand letter stated that its purpose was "to provide notice to Yellowstone County under § 2-9-301(3), MCA" and included a proposed complaint listing claims for negligence and constitutional violations under 42 U.S.C. § 1983. Yellowstone County denied the estate's claim by letter dated November 10, 2016, and the estate filed a complaint in district court approximately seven-and-a-half months later, on June 30, 2017. *Estate of Ostby*, 2020 WL 4732054, at *1. Although the estate filed its complaint within the three-year limitations period, the court relied on *Turner* to conclude that "§ 27-2-209(3) supersedes the general statute of limitations." Because it was undisputed that the estate did not file its complaint in district court within the six-month period after Yellowstone County rejected its claim, the court granted summary judgment in

favor of Yellowstone County. *Estate of Ostby*, 2020 WL 4732054, at *3.

Here, the Defendants argue based on *Estate of Ostby* and *Turner* that Sugg's claims against Valley County are barred by § 27-2-209(3)'s six-month limitations period. Defendants maintain that Sugg submitted an administrative claim to Valley County on August 8, 2023, by way of her letter addressed to Sheriff Boyer, which described the incident, estimated Sugg's damages, and offered to resolve her claims for a sum certain. (Doc. 11-1). Defendants further contend that the Valley County Board of Commissioners rejected Sugg's claim by way of the County Attorney's letter dated October 10, 2023, which explained that his office had provided notice of the claim to clerk or secretary of Valley County and the Board of Commissioners had discussed and declined the claim. (Doc. 11-2). Defendants assert that under § 27-2-209(3), Sugg had six-months from October 10, 2023—until April 10, 2024—to file a complaint in district court. Because Sugg did not file her complaint in this case until August 16, 2024, Defendants argue Sugg's claims against Valley County are time barred and should be dismissed for failure to state a claim for relief.

In response, Sugg contends as a threshold matter that because Defendants rely on matters outside the pleading to support their statute of limitations argument, their Rule 12(b)(6) motion to dismiss her claims against Valley County should be converted to a motion for summary judgment and the parties should be given the

opportunity to develop a factual record. (Doc. 18 at 14-15). On the merits, Sugg argues her claims against Valley County are not barred by § 27-2-209(3) because: (1) she did not file a notice of claim with the clerk or secretary of Valley County as required by the statute, but rather sent her August 8, 2023, letter to Sheriff Boyer on behalf of the Valley County Detention Center and the Valley County Sheriff's Office; and (2) the County Attorney's October 10, 2023, letter did not mention § 27-2-209 or the statute's six-month limitations period. (Doc. 18 at 15-23). Even if § 27-2-209(3) applies, Sugg contends her Complaint was timely because: (1) the six-month limitations period was equitably tolled while she pursued her Petition for the Release of Confidential Criminal Justice Information in state district court; (2) the statute of limitations was tolled for one year pursuant to Montana's savings statute, Mont. Code Ann. § 27-2-407; and (3) the continuing tort doctrine applies to her claims. (Doc. 18 at 23-29).

Before reaching Sugg's arguments, the Court takes this opportunity to address an issue that neither party has raised, that is, whether Montana's notice of claim statute—particularly its six-month statute of limitations—applies to § 1983 claims. The United States Supreme Court has held that notice of claim statutes do not generally apply to § 1983 litigation, *Felder v. Casey*, 487 U.S. 131, 140-41 (1988), and the Ninth Circuit has said that this "includes their special statutes of limitations." *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999).  In another decision

out of this district, *Hall v. Kirkegard,* 2015 WL 6000174, at *4 (D. Mont. Oct. 14, 2015), the court described this as a well-settled rule of law—"federal preemption necessitates that neither state notice-of-claims statutes nor their special statutes of limitations apply to federal § 1983 actions." (citing *Silva*, 169 F.3d at 610) (holding that California's six-month or two-year statute of limitations for actions on claims presented to public entities did not apply to § 1983 claims); *see also Aguado v. Stillwater County*, 2020 WL 1290428, at *3 (D. Mont. Feb. 19, 2020) ("State notice of claim statutes—which apply when claims are presented to public agencies and have their own special statutes of limitations—have no applicability to § 1983 actions and do not toll the statute of limitations.") (citing *Felder*, 487 U.S. at 140-41 and *Silva*, 169 F.3d at 610), findings and recommendation adopted by 2020 WL 1286187 (D. Mont. March 18, 2020).

Although *Estate of Ostby* applied the six-month statute of limitations in Montana's notice of claim statute to the plaintiff's negligence and § 1983 claims, it did so based on Montana Supreme Court caselaw addressing only state law claims. *Estate of Ostby*, 2020 WL 473054, at *3 (citing *Estate of Woody,* 376 P.3d 127 and *Turner*, 461 P.3d 122). The court did not address *Felder* and *Silva*, did not differentiate between or separately address the state law claims and § 1983 claims, and did not provide any reasoning for effectively concluding that the six-month statute of limitations in Montana's notice of claim statute applies not just to state

11

law claims, but also to federal § 1983 claims.

Because the parties have not addressed the issue, the Court will require additional briefing addressing whether, under *Felder* and *Silva*, the six-month statute of limitations in Montana's notice of claim statute, § 27-2-209(3), applies to Sugg's § 1983 claims against Valley County.

For purposes of Sugg's negligence claim against Valley County —which is subject to the notice of claim statute's six-month limitations period—the Court agrees with Sugg's threshold argument that Defendants' motion to dismiss should be converted to motion for summary judgment. Generally, a district court may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Khoja*, 899 F.3d at 998 (explaining the two exceptions). The incorporation-by-reference doctrine allows a court to consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

In addition, a court may take judicial notice of undisputed "matters of public

record," including other state or federal court proceedings, *Lee*, 250 F.3d at 688–89; *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995), as well as facts that are "not subject to reasonable dispute" because they are either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); Fed. R. Evid. 201(b). Courts may also take judicial notice of "records and reports of administrative bodies." *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (citing *Interstate Nat. Gas Co. v. S. Cal. Gas. Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).

When matters outside the pleadings are presented to and considered by the court, the Rule 12(b)(6) motion must be treated as a motion for summary judgment under Rule 56. *Khoja*, 899 F.3d at 998; *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 921–22 (9th Cir. 2004). In such cases, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Defendants' argument that Sugg's claims against Valley County are barred by § 27-2-209(3)'s six-month statute of limitations is premised on the two letters attached as exhibits to their supporting brief—Sugg's letter dated August 8, 2023 (Doc. 11-1), and the County Attorney's letter dated October 10, 2023 (Doc. 11-2).

Defendants concede that these letters do not fit within the incorporation by reference doctrine because the Complaint does not refer to, or rely on, either of them. (Doc. 19 at 2). Defendants do not provide any basis for taking judicial notice of the letters, and the Court sees none. Defendants simply assert that if the Court does not take judicial notice of the letters, their motion should be converted to a Rule 56 summary judgment motion under Rule 12(d). (Doc. 19 at 2). On this point, the Court agrees.

Because the letters Defendants rely on to support their statute of limitations argument do not fit within the incorporation by reference doctrine and are not subject to judicial notice, the Court will convert Defendants' Rule 12(b)(6) motion to dismiss Sugg's claims against Valley County into a motion for summary judgment pursuant to Rule 12(d). When a motion to dismiss is treated as a motion for summary judgment based on matters outside the pleadings, "[a]ll parties must be given "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Accordingly, as detailed in the conclusion below, both parties will be given the opportunity to submit additional evidence and argument on the issue of whether Sugg's claims against Valley County are barred by the statute of limitations, including the issue of equitable tolling, if they choose to do so.

### B.    Statutory Immunity and Indemnity: Sheriff Boyer and Officer Shawver

Defendants contend that Sheriff Boyer and Officer Shawver are immune from liability for Sugg's state law negligence claim pursuant to Mont. Code Ann. § 2-9-305, which governs "immunization, defense, and indemnification of public officers and employees civilly sued for actions taken within the course and scope of their employment."[1] (Doc. 11 at 5-7). The statute's defense and indemnification subsection provides, in relevant part, that in a civil action against a county employee "for a negligent act, error, or omission, including alleged violations of civil rights pursuant to 42 U.S.C. § 1983, or other actionable conduct of the employee committed while acting within the course and scope of the employee's office or employment, the governmental entity employer" shall defend and indemnify the employee subject to certain listed exceptions that do not apply here. Mont. Code Ann. § 2-9-305(2). The statute's immunity subsection further provides that "[i]n an action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges or is bound by a judicial determination

---

[1] Sugg names Sheriff Boyer and Officer Shawver in their individual and official capacities. (Doc. 1 at ¶¶ 4, 6). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Valley County does not dispute that it "remains ultimately liable for the actions of its employees in official capacity claims." (Doc. 19, at 13 citing *Germann v. Stephens,* 137 P.3d 545, 552 (Mont. 2006)). Because Sugg's official capacity claims against Sheriff Boyer and Officer Shawver are duplicative of those asserted against Valley County, they are properly dismissed.

that the conduct upon which the claim is brought arises out of the course and scope of the employee's employment," again subject to a number of listed exceptions that do not apply here. Mont. Code Ann. § 2-9-305(5).

Sugg's negligence claim alleges that all Defendants, including Sheriff Boyer and Officer Shawver, had a duty to protect her from [Hamilton] given that a 'special relationship' under the law had been established between the Defendants and the Plaintiff," and that "Defendants breached their duties of care to Plaintiff." (Doc. 1 at ¶¶ 112-13). Sugg's Complaint does not allege that Sheriff Boyer or Officer Shawver acted outside the course and scope of their employment at any time during the events of March 29, 2023, or at any other time. (Doc. 1).

Consistent with the allegations in the Complaint, Valley County acknowledges that Sheriff Boyer and Officer Shawver were acting within the course and scope of their employment during the relevant period. (Doc. 19 at 12, 14). Consequently, Sheriff Boyer and Officer Shawver are statutorily immune from liability for Sugg's state law negligence claim, which is properly dismissed as to these defendants. *See e.g. Tolan v. Yellowstone*, 2021 WL 466979, at *2-3 (D. Mont. Jan. 19, 2021) *findings and recommendation adopted by* 2021 WL 461602 (D. Mont. Feb. 9, 2021) (finding law enforcement officers were immune from liability on the plaintiff's negligence claim under § 2-9-305(5) based on the defendant county's acknowledgment that the officers were acting in the course and

scope of their employment).

Sheriff Boyer and Officer Shawver are also immune from liability on Sugg's § 1983 claims. *See Germann,* 137 P.3d at 555-56. In *Germann,* the Montana Supreme Court held that § 2-9-305 affords immunity from liability for § 1983 claims "to public employees acting during the course and scope of their employment when the government entity remains a viable defendant for the same course of conduct." *Gregory v. Montana*, 2022 WL 350110, at *3 (D. Mont. Feb. 2, 2022) (citing *Germann*, 137 P.3d at 555-56); *see also Bechtold v. Billings Police Department*, 2010 WL 11534415, at *4 (D Mont. Feb. 19, 2010) ("*Germann* makes clear that if the governmental entity acknowledges that the conduct complained of was performed in the course and scope of employment, and the governmental entity remains in the suit, § 2-9-305(5) also renders the employees immune from § 1983 actions).

Consistent with the allegations in the complaint, Valley County concedes that Sheriff Boyer and Officer Shawver were at all relevant times acting in the course and scope of their employment. Sugg's § 1983 claims against Sheriff Boyer and Officer Shawver arise out the same subject matter as her claims against Valley County and would require proof of the same set of alleged facts. Because Valley County remains a viable defendant that may be held liable for any harm caused by its employees while acting in the course and scope of their employment, Sheriff

Boyer and Officer Shawver are entitled to immunity from Sugg's § 1983 claims.

**C.    Capacity to be Sued: Valley County Sheriff's Office and Valley County Detention Center**

Defendants argue that the Valley County Sheriff's Office and Valley County Detention Center are not proper defendants because they lack the capacity to be sued under Montana law. (Doc. 11 at 7-10). Defendants are correct.

Pursuant to Federal Rule of Civil Procedure 17(b)(3), the capacity to be sued is determined by the law of the state in which the court is located. Under Montana law, "every governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment[.]" Mont. Code Ann. § 2-9-102. The term "governmental entity" is defined as "the state and political subdivisions." Mont. Code Ann. § 2-9-101(3). A "political subdivision" is defined as "any county, city, municipal corporation, school district, special improvement or taxing district, other political subdivision or public corporation, or any entity created by agreement between two or more political subdivisions." Mont. Code. Ann. § 2-9-101(5).

A detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center." Mont. Code Ann. § 7-32-2120(1). A "detention facility is merely a building that cannot be sued." *Cochran v. Newell*, 2017 WL 9324532, at *4 (D. Mont. Dec. 5, 2017) (citing *Barnes v. Missoula County*

*Detention Facility*, 2008 WL 5412448 (D. Mont. 2008), *findings and recommendation adopted by* 2018 WL 288029 (Jan. 4, 2018)). Because the Valley County Detention Center is not considered a political subdivision of the state and lacks the capacity to be sued under Montana law, it is not a proper defendant.

The Valley County Sheriff's Office also does not fit within the definition of a political subdivision and is not subject to suit under Montana law. *See e.g. Cochran*, 2017 WL  9324532, at *5; *Seamster v. Musselshell County Sheriff's Office*, 321 P.3d 829, 832 (Mont. 2014) (concluding that a county sheriff's office is "an entity immune from suit" and agreeing with the district court "that it is important to have the correct parties before the court and that [the plaintiff] should have dismissed the Sheriff's Office as a named defendant").

For purposes of liability under § 1983, "municipalities and other local governmental units" are considered "persons" within the meaning of the statute and can be sued for damages. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, municipal departments and sub-units are generally not considered "persons" within the meaning of § 1983. *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005). Because the Valley County Detention Center and Valley County Sheriff's Office do not exist as governmental entities or political subdivisions with the capacity to be sued under Montana law, they are not proper defendants with respect to Sugg's § 1983 claims. *See e.g. Cochran*, 2017 WL

9324532, at *6.

**V.**     **Conclusion**

For the reasons discussed above,

**IT IS ORDERED** that, to the extent Defendants move to dismiss Sugg's claims against Valley County on the ground that they are barred by the statute of limitations, their Rule 12(b)(6) motion is hereby **CONVERTED** into a motion for summary judgment pursuant to Rule 12(d). Defendants have already submitted the evidentiary materials that are pertinent to their motion, namely, the August 8, 2023, and October 10, 2023, letters discussed above. Accordingly,

Sugg shall have until **August 25, 2025**, within which to submit any additional evidence and file a supplemental response brief on the issue of whether her claims against Valley County are barred by the statute of limitations. This brief must also address the issue of whether the six-month statute of limitations in Montana's notice of claim statute, § 27-2-209(3), applies to Sugg's § 1983 claim against Valley County.

Defendants shall have until **September 8, 2025**, within which to submit any additional evidence and file a supplemental reply brief on the issue of whether Sugg's claims against Valley County are barred by the statute of limitations. This brief must also address the issue of whether the six-month statute of limitations in Montana's notice of claim statute, § 27-2-209(3), applies to Sugg's § 1983 claim

against Valley County.

 **IT IS FURTHER ORDERED** that: (1) Defendants' Rule 12(b)(6) motion to dismiss Sheriff Boyer and Officer Shawver on the ground that they are immune from suit is **GRANTED**;[2] and (2) Defendants' Rule 12(b)(6) motion to dismiss the Valley County Sheriff's Office and Valley County Detention Center on the ground that they are not proper defendants is **GRANTED**.

 DATED this 7th day of August, 2025.

       _____
       Kathleen L. DeSoto
       United States Magistrate Judge

---

[2] If the Court determines after supplemental briefing that Sugg's negligence and § 1983 claims against Valley County are barred by the six-month statute of limitations in Montana's notice of claim statute and dismisses Valley County on that basis, the Court will permit Sugg to amend her Complaint to reassert her individual capacity § 1983 claims against Sheriff Boyer and Officer Shawver.