IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BOBI SUGG,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY COUNTY, SHERIFF TOM BOYER, in his individual and official capacity, and ZEBEDIAH SHAWVER, in his individual and official capacity, and JOHN DOES 1-10,<br><br>Defendants. | CV 24-70-GF-KLD<br><br>ORDER |

Before the Court is non-party Frances Mahon Deaconess Hospital's Motion to Quash or Modify Subpoena Duces Tecum, and Brief, filed on November 4, 2026. (Doc. 56). Therein, the Hospital requests direction concerning its production of documents responsive to a subpoena duces tecum issued at Plaintiff Bobi Sugg's request. The requested documents contain, or may contain, protected health information concerning a nonparty patient.

This Court held a Status Conference in this matter on November 10, 2026, at which time the parties, as well as counsel for the Hospital, agreed that a qualified protective order is the appropriate mechanism for resolving the issues raised in the Hospital's Motion.

The parties, through their counsel of record, jointly submitted a proposed protective order to resolve the Motion to Quash or Modify Subpoena Duces Tecum and Brief filed by counsel for Francis Mahon Deaconess Hospital on November 4, 2026. (Doc. 60).

## SYNOPSIS OF APPLICABLE HEALTH-INFORMATION PRIVACY LAW

### I. RELEVANT BACKGROUND

Frances Mahon Deaconess Hospital ("FMDH" or "the Hospital") received a subpoena issued at Plaintiff Bobi Sugg's request. The subpoena seeks:

1. A letter from an FMDH employee to the Valley County Commissioners concerning Sheriff Tom Boyer and the emergency treatment of an incarcerated patient in 2022;

2. The patient's emergency room records from that incident, including provider notes and intake forms; and

3. Communications from the Valley County Commissioners, Sheriff Boyer, or Valley County responding to the employee's letter.

The Hospital states that it does not possess documents responsive to the third request. The Hospital seeks direction concerning the first and second requests because responsive documents contain, or may contain, protected health information concerning a nonparty patient whose identity is not known to Plaintiff's counsel.

The parties previously stipulated that protected health information produced by the Hospital would be used only for this litigation and returned or destroyed at the conclusion of the case. The Hospital nevertheless requested a Court Order because the subpoena was not accompanied by an order expressly authorizing disclosure and the Hospital had not received satisfactory assurance that the patient had received notice or that the parties had obtained a qualified protective order.

## II. FEDERAL HIPAA FRAMEWORK

### A. 42 U.S.C. § 1320d *et seq.*

The Health Insurance Portability and Accountability Act of 1996 (“HIPAA”), including 42 U.S.C. § 1320d *et seq.*, establishes the federal framework governing health information maintained or transmitted by covered entities.

Section 1320d defines “health information” broadly to include information, whether oral or recorded in any form, that:

1. Is created or received by a health care provider, health plan, public health authority, employer, insurer, school, university, or health care clearinghouse; and

2. Relates to an individual’s past, present, or future physical or mental condition, the provision of health care to the individual, or payment for that care.

A health care provider subject to HIPAA must maintain reasonable administrative, technical, and physical safeguards to preserve the confidentiality and

integrity of protected health information and prevent unauthorized uses or disclosures. HIPAA generally preempts contrary state law, but it does not displace state laws that provide greater privacy protection for individually identifiable health information.

FMDH is a health care provider, and the requested emergency-room records are health information created or maintained in connection with care provided to an identifiable patient. The records therefore fall within the type of information protected by HIPAA and its implementing Privacy Rule.

**B. 45 C.F.R. § 164.512(e)**

The Privacy Rule permits a covered entity to disclose protected health information in a judicial or administrative proceeding without the patient's written authorization, but only when the conditions of 45 C.F.R. § 164.512(e) are satisfied.

When disclosure is requested through a Court Order, the covered entity may disclose only the protected health information expressly authorized by that order. A general subpoena that is not accompanied by a Court Order does not, standing alone, provide the same authorization.

When protected health information is requested through a subpoena or discovery request that is not accompanied by a Court Order, disclosure is permitted only if the covered entity receives satisfactory assurance that the requesting party has made reasonable efforts either:

1. To provide notice of the request to the individual whose protected health information is sought, with an opportunity for that individual to object; or

2. To obtain a qualified protective order.

A qualified protective order must:

1. Prohibit the parties from using or disclosing protected health information for any purpose other than the litigation or proceeding for which the information was requested; and

2. Require the return to the covered entity, or destruction, of the protected health information and all copies at the conclusion of the litigation or proceeding.

The prior stipulation substantially addresses those two requirements. Entry of a Court Order, however, provides the Hospital with direct judicial authorization and defines the precise scope and conditions of disclosure. It also resolves the practical notice problem arising from the fact that the patient is presently unidentified to Plaintiff's counsel.

## III. MONTANA MEDICAL-RECORD PRIVACY LAW

Montana Code Annotated §§ 50-16-811 and 50-16-812 govern the confidentiality and permissible disclosure of protected health care information under Montana law. As invoked in the Hospital's Motion, these provisions operate alongside HIPAA and protect health care information from unauthorized disclosure.

The Montana provisions do not make otherwise discoverable health information categorically immune from judicial process. They require that disclosure rest on legally sufficient authority and remain limited to the information properly subject to production. Where health care information is sought in federal litigation, a narrowly drawn court order that identifies the records to be produced, limits their use to the litigation, restricts further disclosure, and requires return or destruction provides the appropriate mechanism for reconciling discovery obligations with the patient's confidentiality interests.

To the extent Montana law is more protective than HIPAA, the more protective requirement remains applicable. Accordingly, entry of a protective order should not be construed as waiving any independent physician-patient privilege or other privilege that may apply to particular documents. Nor should it authorize disclosure of unrelated medical information beyond the subpoena's proper scope.

## IV. APPLICATION TO THE HOSPITAL'S PRODUCTION

The subpoena seeks documents that include the medical records of a nonparty patient and a Hospital employee's letter concerning the patient's emergency treatment. Those materials contain, or may reveal, the patient's identity, condition, treatment, or circumstances of care. The Hospital therefore should not produce them under the subpoena without an applicable HIPAA basis for disclosure.

The Court may authorize production under 45 C.F.R. § 164.512(e)(1)(i), provided the Order expressly limits disclosure to the information authorized by the Court. Alternatively, the Court may enter a qualified protective order satisfying 45 C.F.R. § 164.512(e)(1)(v). A protective order, as set forth below, accomplishes both purposes by expressly authorizing a limited production and imposing the mandatory restrictions applicable to a qualified protective order.

Accordingly, the parties now propose the following protective order:

1. The Hospital shall produce documents responsive to Requests 1 and 2 to Plaintiff's counsel without obtaining a separate patient authorization.

2. Production is limited to the employee letter concerning the identified 2022 incident and the emergency-room records from that incident, including associated provider notes and intake forms.

3. The Hospital may withhold or redact information concerning unrelated medical care, other patients, or matters outside the subpoena's scope. The Hospital may also redact the name of the patient at issue in the 2022 incident. However, the Hospital shall include anything that is relevant to Sheriff Boyer, Valley County or the Valley County Commissioners, as contained within the medical records produced.

4. Protected health information may be used solely for this action and disclosed only to persons who reasonably require access for the prosecution, defense, adjudication, or resolution of this action.

5. Public filing of the protected health information for the emergency treatment of the incarcerated patient identified in the letter at issue in Ms. Sugg's Subpoena Duces Tecum served on the Hospital on October 27, 2026 is prohibited absent redaction, sealing, or further order.

6. At the conclusion of the litigation, all protected health information and all copies must be returned to the Hospital or destroyed.

7. Production does not waive any privilege, objection, or protection unrelated to the patient-privacy issue resolved by the Order.

This Court finds and concludes these above-listed conditions permit the Hospital to comply with Ms. Sugg's subpoena while protecting the nonparty (now deceased) patient's privacy and limiting disclosure to the needs of this litigation.

**QUALIFIED PROTECTIVE ORDER**

For good cause shown, and pursuant to Federal Rules of Civil Procedure 26(c) and 45, 45 C.F.R. § 164.512(e), and Mont. Code Ann. §§ 50-16-811 and 50-16-812, this Court now enters the following Qualified Protective Order:

IT IS ORDERED that the Motion to Quash or Modify Subpoena Duces Tecum (Doc. 56) is GRANTED IN PART and otherwise DENIED AS MOOT to the extent

stated above. Frances Mahon Deaconess Hospital shall produce documents responsive to Requests 1 and 2 subject to this Qualified Protective Order, the terms of which are set forth below:

## I. FINDINGS AND SCOPE OF AUTHORIZED PRODUCTION

1. Frances Mahon Deaconess Hospital ("FMDH" or "the Hospital") is a nonparty health care provider that has received a subpoena seeking documents relating to emergency treatment provided to an incarcerated patient in 2022. That incarcerated patient is deceased.

2. The subpoena seeks:

a. A letter sent by an FMDH employee to the Valley County Commissioners concerning Sheriff Tom Boyer following the patient's emergency treatment;

b. The patient's emergency room records from that incident, including provider notes and intake forms; and

c. Communications from the Valley County Commissioners, Sheriff Boyer, or Valley County responding to the employee's letter.

3. The Hospital represents that it does not possess documents responsive to Request 3.

4. The documents responsive to Requests 1 and 2 contain, or may contain, individually identifiable health information protected by federal or Montana law.

5. Subject to this Order, the Hospital is authorized to disclose to counsel for Plaintiff documents responsive to Requests 1 and 2 without obtaining a separate written authorization from the patient. Indeed, doing so is impossible as the patient is deceased.

6. The Hospital shall limit its production to records concerning the emergency-room incident described in the subpoena. The Hospital may redact or withhold information concerning unrelated treatment, unrelated medical conditions, other patients, or matters outside the reasonable scope of Requests 1 and 2. The Hospital may also redact the name of the patient at issue in the 2022 emergency-room incident. However, the Hospital shall include anything that is relevant to Sheriff Boyer, Valley County or the Valley County Commissioners, as contained within the medical records produced.

7. Protected health information may be used and disclosed solely for this action.

8. Public filing of the protected health information for the emergency treatment of the incarcerated patient identified in the letter at issue in Ms. Sugg's Subpoena Duces Tecum served on the Hospital on October 27, 2026 is prohibited absent redaction, sealing, or further order. The parties are permitted, however, to publicly file the emergency room medical records, and reference the relevant events

described therein, so long as the patient's name, date of birth, social security number, and any other sensitive information is first redacted.

9. Nothing in this Order requires the Hospital to create records that do not exist or to produce documents that are not within its possession, custody, or control.

## II. DEFINITIONS

10. Protected Health Information or "PHI" means individually identifiable health information protected from unauthorized disclosure under HIPAA, its implementing regulations, or applicable Montana law, including information identifying or reasonably capable of identifying the nonparty patient.

11. "Protected Material" means PHI produced by the Hospital in response to the subpoena, together with any copy, excerpt, summary, compilation, transcript, photograph, or other material that reproduces or reveals the substance of that PHI.

12. "This Action" means the above-captioned litigation, including discovery, pretrial proceedings, trial, appeal, retrial, mediation, settlement proceedings, and proceedings concerning enforcement of a judgment or settlement.

## III. PERMITTED USE AND DISCLOSURE

13. Protected Material shall be used or disclosed solely for purposes of prosecuting, defending, adjudicating, appealing, mediating, settling, or otherwise resolving this Action. It shall not be used for any business, commercial, personal, or other purpose.

14. Access to Protected Material is limited to:

a. The Court and its personnel;

b. Counsel of record and counsel's employees or contractors whose access is reasonably necessary for this Action;

c. The named parties, but only to the extent counsel determines that access is reasonably necessary for this Action;

d. Retained experts, consultants, investigators, and litigation-support personnel whose access is reasonably necessary for this Action;

e. Court reporters, videographers, interpreters, mediators, and professional vendors engaged for this Action;

f. A witness or prospective witness, but only to the extent reasonably necessary for testimony, preparation, or examination concerning this Action; and

g. Any other person authorized by written agreement of the Hospital and all parties or by further order of the Court.

15. Before receiving Protected Material, each person described in Paragraphs 14.d through 14.g shall be informed that the material is confidential and subject to this Order. Counsel disclosing the material shall direct the recipient not to use or disclose it except as permitted by this Order.

16. No person receiving Protected Material may disclose it except as authorized by this Order, without further order of the Court.

17. Nothing in this Order prohibits the Hospital or parties to this action from using or disclosing information that they lawfully possess independently of discovery in this Action.

## III. FILING AND USE IN COURT PROCEEDINGS

18. A party intending to file Protected Material or use the Protected Material at a public hearing or trial shall redact patient identifiers and unrelated medical information to the extent reasonably practicable.

19. If redaction would materially impair the filing's evidentiary value or the Court's ability to resolve an issue, the filing party shall seek leave to file the Protected Material under seal in accordance with the Court's applicable procedures.

20. Protected Material shall not become public merely because it is marked as an exhibit, quoted in a filing, used at a deposition, or offered in evidence.

21. Nothing in this Order determines whether any Protected Material is relevant, discoverable, admissible, authentic, privileged, or otherwise subject to objection.

## IV. SAFEGUARDING PROTECTED MATERIAL

22. Each recipient shall maintain Protected Material in a reasonably secure manner and shall take reasonable precautions against unauthorized access, use, or disclosure.

23. Electronic copies shall be maintained using reasonable access controls. Paper copies shall be stored in a location reasonably protected from access by unauthorized persons.

24. A person who learns of an unauthorized use, loss, or disclosure of Protected Material shall promptly notify counsel of record. Counsel shall promptly notify the Hospital, take reasonable steps to retrieve or secure the material, and take reasonable measures to prevent further unauthorized use or disclosure.

## V. INADVERTENT PRODUCTION AND CHALLENGES

25. Inadvertent production of information outside the scope of this Order, privileged information, or information otherwise protected from disclosure does not waive any applicable privilege, protection, or objection.

26. Upon notice of an inadvertent production, the receiving party shall promptly sequester the identified material and shall not use or disclose it until the matter is resolved by agreement or Court Order.

27. This Order does not prevent a party, the Hospital, or the patient from seeking additional protection, objecting to a particular disclosure, or requesting modification of this Order for good cause.

## VI. RETURN OR DESTRUCTION

28. Within sixty days after the final conclusion of this Action, including all appeals, each person receiving Protected Material shall return it to the Hospital or destroy it, including all copies, extracts, and reproductions.

29. Counsel for the parties may retain pleadings, transcripts, attorney work product, correspondence, and court filings that contain or refer to Protected Material, provided that retained materials remain subject to this Order and are maintained as confidential.

30. Upon the Hospital's written request, counsel shall certify that any return or destruction required by this Order has been completed.

## VII. EFFECT AND DURATION

31. This Order constitutes a qualified protective order under 45 C.F.R. § 164.512(e).

32. The Hospital's production in compliance with this Order is authorized for purposes of applicable federal and Montana health information privacy law and shall not be treated as a voluntary waiver of patient confidentiality.

33. The confidentiality, restricted use, security, and return-or-destruction obligations imposed by this Order survive the conclusion of this Action.

34. The Court retains jurisdiction to enforce or modify this Order.

35. The Hospital shall produce the above-referenced records in response to Ms. Sugg's subpoena by no later than Wednesday, November 25, 2026.

36. This Order resolves the Hospital's Motion to Quash or Modify (Doc. 56), which is GRANTED IN PART and otherwise DENIED AS MOOT to the extent stated above.

IT IS SO ORDERED.

DATED this 16th day of November, 2026.

Kathleen L. DeSoto
United States Magistrate Judge